WENNING, APPELLANT, v. THE PEOPLES BANK CO. OF COLDWATER, OHIO, ET AL., APPELLEES.

(No. 484—Decided November 26, 1949.)

Mr. *Elmer McClain,* for appellant.
Mr. *Henry J. Knapke,* Mr. *Carlton C. Reisen* and Mr. *David Armstrong,* for appellees.

BY THE COURT.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Mercer County, in an action wherein Joseph G. Wenning, appellant, was plaintiff, and the appellees, The Peoples Bank of Coldwater and others, were defendants.

A jury having been waived by the parties, this cause was submitted to the court without the intervention of a jury.  The court found for the defendants, rendered final judgment in their favor and dismissed plaintiff's petition.  That is the judgment from which this appeal is taken.

The action is one in which the plaintiff seeks to have set aside as void, certain judgments rendered and proceedings had, and conveyance of real estate authorized in an action in the Court of Common Pleas, wherein The Peoples Bank Company of Coldwater, one of the defendants herein, was one of the plaintiffs, and the plaintiff herein was one of the defendants, the action being for determination of liens, the marshaling of liens, foreclosure of mortgage and other equitable relief, and being cause No. 12534 in such Court of Common Pleas.

The Common Pleas Court, in which the foreclosure action, cause Number 12534, was pending, was a court of general jurisdiction and as such it had jurisdiction

both of the subject matter of the action and of the parties to the action.

At the time such action in foreclosure was commenced on September 7, 1934, there was no action pending in the federal court or elsewhere, which in any way precluded the Common Pleas Court from fully exercising its jurisdiction in the foreclosure action.

The plaintiff in the instant case did not file his petition in the federal court, as a farmer-debtor, until October 2, 1934, and that petition was dismissed on his application, on August 6, 1935.

On January 26, 1938, at a time when there was no petition or action upon the part of the plaintiff pending in the federal court, which in any way precluded the Common Pleas Court from fully exercising its jurisdiction in the foreclosure action, the Common Pleas Court awarded judgment to the Federal Land Bank of Louisville, Kentucky, ordering foreclosure, appraisement and sale of the real estate involved in such action, being the real estate described in the petition herein.

That is one of the judgments sought to be set aside in this action.

On January 28, 1938, after such judgment was awarded, the plaintiff herein filed a new farmer-debtor petition in the federal court.

Three days later, the clerk of the Common Pleas Court, pursuant to the judgment awarded on January 26, 1938, issued an order of appraisement and advertisement for sale of the premises to the sheriff of Mercer county, Ohio.

Thereafter, the sheriff proceeded to have the real estate appraised and to advertise the same for sale, and on March 12, 1938, conducted a public sale thereof, of which he returned his report to the court on March 13, 1938.

On October 10, 1938, the federal court dismissed the farmer-debtor petition of plaintiff and ordered all stay orders theretofore entered thereunder set aside and held for naught.

On December 17, 1938, after the dismissal of plaintiff's farmer-debtor petition and the setting aside of all stay orders entered thereunder, and at a time the Common Pleas Court was not in any way precluded from fully exercising its jurisdiction in the foreclosure proceeding, it rendered judgment confirming the sale of the real estate in such foreclosure action to John C. Weigel, in conformity with the sheriff's report of sale.

That is the other judgment the plaintiff seeks to set aside in the instant action.

On December 29, 1939, following the last-mentioned judgment, and pursuant thereto, a deed for such real estate was executed and delivered to the purchaser thereof, and a writ of possession was issued by the Common Pleas Court, which was executed by the sheriff of Mercer county, Ohio, on February 25, 1939, by placing the purchaser of the real estate in possession of the premises.

As the Common Pleas Court, on January 26, 1938, was free, as hereinbefore mentioned, to fully exercise its jurisdiction in the foreclosure action, the judgment of foreclosure rendered by it on such date constituted a proper exercise of jurisdiction by it, and such judgment may not be set aside in the instant action.

The appraisal, advertising for sale and sale of the real estate by the sheriff were not judicial acts, but merely ministerial acts, the performance of which was not inhibited, prohibited or precluded in any way by reason of the filing by plaintiff, of a new farmer-debtor petition on January 28, 1938. Such acts were therefore performed in due course of law.

The appraisal, advertising for sale and sale of the

real estate by the sheriff not being judicial acts but merely ministerial acts, the Common Pleas Court on December 17, 1938, being then free to fully exercise its jurisdiction in such foreclosure proceeding, had jurisdiction and power to render judgment confirming such sale, and its judgment may not be set aside in this action.

Furthermore, if such acts of the sheriff in the respects mentioned had been wholly void, the action of the court in confirming such sale was within its jurisdiction and power and was not void but merely voidable, and subject to attack only through an appeal prosecuted from such judgment and not by separate action such as the plaintiff seeks to maintain.

The deed to purchaser which the plaintiff seeks to set aside was executed and delivered in conformity with the judgment of December 17, 1938, and was valid in every respect and may not be set aside in this action.

The writ of possession which the plaintiff seeks to set aside was issued and executed in conformity with the judgment of December 17, 1938, and was valid in every respect and may not be set aside in this action.

The other relief the plaintiff seeks is wholly dependent on plaintiff's claim that the judgments, deed of conveyance and writ of possession, hereinbefore mentioned, are invalid. As they are all valid, the plaintiff is not entitled to any relief in the premises.

For the reasons mentioned, the judgment of the Common Pleas Court is affirmed at the costs of plaintiff and the cause remanded for execution.

*Judgment affirmed.*

GUERNSEY, P. J., MIDDLETON and JACKSON, JJ., concur.